## No. 11,915.

MOSCHETTI, ADMINISTRATRIX v. SANTARELLI, ET AL.

Decided September 19, 1927.

On claim against estate of a deceased person. Claim allowed.

### *Affirmed.*

1. FRAUDS—*Statute of.* Oral assignment of a leasehold interest in a mine and equipment held not within the statute of frauds where there was part performance by payment and possession.

2. EVIDENCE—*Oral and Written.* Where a bank president was permitted to testify that he knew of his own knowledge that an item on a bank statement had been paid for a certain purpose, the contention that the bank statement as to such item was the best evidence, overruled.

3. APPEAL AND ERROR—*Admission of Evidence.* A party may not contend on review, that a bank statement which was excluded on his objection, should have been admitted as the best evidence, instead of oral testimony concerning an item thereon.

*Error to the District Court of Fremont County, Hon. James L. Cooper, Judge.*

Mr. E. L. WEITZEL, Mr. JAMES T. LOCKE, for plaintiff in error.

Mr. GEORGE H. WILKES, for defendants in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

GENTINA Moschetti, as administratrix of the estate of her deceased husband, Rocco Moschetti, sold, under an order of the county court, of date January 13, 1925, a leasehold estate in the Brewster coal mine, with certain

equipment, and realized say $3,300 net therefor. March 6th, following, the Santarelli brothers, defendants in error, filed their claim in the county court of Fremont county for three-fourths of these proceeds, alleging that they owned a three-fourths interest in the property sold. The county court allowed the claim, and, on appeal, the district court again allowed it. The administratrix brings error.

The grounds which are set forth for reversal are errors in the admission of testimony and insufficiency of the evidence to support the finding. When we speak of the lease we mean the leasehold interest and the equipment.

The evidence was sufficient. The essential facts are as follows: One Smith leased the mine from time to time to various parties and finally to Rees one-third and Beer two-thirds by a lease which expired April 13, 1924. April 1, 1924, he gave a new lease for ten years to Beer alone and then or thereafter the Santarellis bought Rees's interest but were not included in the new lease. In September or October, 1924, Rocco Moschetti bought a one-fourth interest of Beer and his name was interlined in ink in said lease, by direction of the lessor, but he did not sign the lease nor was the amount of his interest stated therein. Later Beer orally transferred his remaining interest to the Santarellis, which gave them three-fourths.

The objections to the sufficiency of the purchase by the Santarellis are based chiefly on the fact that there is no written assignment to them of any interest in the lease. There is strong and undisputed evidence, however, of their payment of considerable amounts reimbursing Moschetti for three-fourths of payments made by him in respect to the mine and evidence that they paid $1,500 for Rees's interest and checks for most of these payments with Rocco's endorsement are produced and their purpose is identified by witnesses including the witness Minnie Santarelli, their sister and bookkeeper. It appears

also that Beer was working the property for himself and cotenants and consequently was in possession for himself and them. The court could hardly have done otherwise than allow the claim if he believed this evidence and the checks and possession were enough to justify his belief. Indeed from reading the testimony we have no doubt that the court was right and that the Santarellis were the equitable owners of three-fourths of the leasehold estate and had full title to three-fourths of the equipment.

The claim is made that this evidence was in violation of the statute of frauds, but there was part performance, payment and possession, which are sufficient as to both the leasehold and equipment. Citations are unnecessary.

The witness Morris, president of a bank, was allowed to state that he knew of his own knowledge that an item of $1,500, on a bank statement which he produced, was a payment to Rees by the Santarellis in the mine transaction. We can conceive of no valid objection to this testimony. Whether the equipment was paid for, was a material question in the case since payment would satisfy the statute of frauds, and the testimony in question was by one who said he knew the price was paid. The plaintiff in error claims that the bank statement itself was the best evidence. We do not think so, but, if so, she objected to it and the objection was sustained; she therefore cannot now claim that it should have been admitted instead of the oral testimony of payment.

With reference to the transaction at the time of this payment Morris was asked: "Do you know whether or not that concluded the John Rees interest in the Brewster mine?" The witness was allowed against objection to answer "I do." Then he was asked: "What do you say?" and, without objection, answered "It did." There is no error here.

It is hardly necessary to consider the other objections to testimony. The principal ground of each of them is that the testimony of oral transactions whereby the de-

fendants in error acquired their interests varies the terms of the lease of April 1, 1924, from Smith to Beer. But the rights and duties of the parties to the lease and their privies are not varied by the testimony in question but remain the same. Wig. Ev. § 2446, discusses the rule which plaintiff in error invoked and is instructive here. It is not necessary to notice these objections further.

The judgment is affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.